## S89A0331. TOOMBS v. THE STATE.
(385 SE2d 75)

WELTNER, Justice

Forrest Toombs shot and killed Gregory Johnson with a handgun. He was found guilty of murder and was sentenced to life imprisonment.[1]

The shooting took place outside a lounge. According to one witness, Toombs and Johnson had been engaged in a dispute over the sale of cocaine. Toombs told several witnesses that he was displeased with Johnson, and that he wanted to talk with him. A discussion developed between Toombs and Johnson's brother in which it was agreed that Johnson would be brought to the lounge. At that point, the record reflects that Toombs said: "Well, y'all go get him, but once y'all get him down here, everything will be over with anyway." Shortly thereafter, several witnesses observed Johnson and his brother arrive at the lounge. One witness testified that Toombs fired the first shot. Other witnesses testified that Johnson fired first. Toombs testified that he fired at Johnson in self-defense. Toombs was wounded in a finger, and Johnson died from a chest wound. Toombs immediately left the scene, and discarded his weapon. Later, he surrendered himself to law enforcement authorities.

1. Toombs insists that the evidence is insufficient to support his conviction. From the evidence a rational trier of fact could have found Toombs guilty of murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. (a) Toombs made a motion for new trial on the ground of newly discovered evidence, attaching affidavits. Two affiants claimed that they witnessed the shooting. One affiant claimed to have information impeaching one of the state's witnesses. The trial court denied the motion.

(b) In *Tanner v. State,* 247 Ga. 438, 443 (276 SE2d 627) (1981), we specified these requirements for a motion for new trial based on newly discovered evidence.

On motion for a new trial based on newly discovered evi-

---

[1] The crime was committed on January 6, 1988, and Toombs was indicted for murder on May 19, 1988. He was convicted and sentenced to life imprisonment on November 4, 1988. His motion for new trial was filed on November 16, 1988, and was denied on June 13, 1989. The notice of appeal was filed on July 5, 1989, and docketed in this court on July 28, 1989. The case was argued before this court on October 10, 1989.

dence, it is incumbent on the movant to satisfy the court: (1) that the newly discovered evidence has come to his knowledge since the trial; (2) that want of due diligence was not the reason that the evidence was not acquired sooner; (3) that the evidence was so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credit of a witness.

(c) The affidavits do not meet these requirements, as the proffered testimony of one witness was impeaching only, and that of the other two was cumulative.

The trial court did not err in denying the motion for new trial. *Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 26, 1989 —
RECONSIDERATION DENIED NOVEMBER 21, 1989.

*Hackel & Hackel, Thomas M. Hackel,* for appellant.

*Harry D. Dixon, Jr., District Attorney, Albert H. Tester, Assistant District Attorney, Michael J. Bowers, Attorney General, Leonora Grant,* for appellee.